**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re: Case No. J06-00556-DMD<br><br>BROCK MATTHEW WEIDNER,<br><br>Debtor. | Chapter 7<br><br>**Filed On 2/13/07** |
| BROCK MATTHEW WEIDNER,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA COMMUNICATIONS SYSTEMS, INC.,<br><br>Defendant. | Adversary No. J07-90005-DMD |

**MEMORANDUM REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER**

The debtor has requested a temporary restraining order enjoining Alaska Communications Systems, Inc. (ACS) from terminating his telephone service.

The debtor filed for Chapter 7 relief on December 18, 2006. He failed to list ACS as a creditor. He filed an amended schedule listing ACS as a creditor on January 23, 2007. On the same day, he went to a Juneau ACS office and paid for his post-petition telephone charges in the sum of $191.92. He advised a customer service representative in Juneau of his bankruptcy and hand-delivered a copy of his § 341 meeting notice.

ACS made a "wireless auto-dialer" call to Weidner requesting contact. The call was made on January 23, 2007. After receiving word of Weidner's bankruptcy, ACS employee Amy Newlun checked to see if ACS was listed as a creditor. It wasn't listed in the

initial schedules and she didn't see ACS listed on the creditor matrix of January 24, 2007. A computer generated bill was sent to Weidner January 28, 2007. This bill sought payment of charges incurred prior to December 18, 2006. It also stated: "Your account is past due. Please pay past due amount to avoid interruption of service." This bill infuriated Weidner. He sent a series of calls, faxes and e-mails to ACS. Ultimately, ACS confirmed Weidner's bankruptcy and recognized that it was a creditor subject to the automatic stay. It agreed not to discontinue service to him based upon his failure to pay pre-petition bills.

A temporary restraining order can be issued only when the moving party establishes that it will suffer irreparable injury if relief is not granted.[1] Here the plaintiff has not established that he will suffer irreparable injury. ASC has acknowledged that it is a creditor and that it will not terminate service based on Weidner's bankruptcy. Moreover, the root of the problem here has been Weidner's negligence in failing to list ACS as a creditor in his initial pleadings. Because Weidner has not shown that he will suffer irreparable injury, his request for a temporary restraining order will be denied.

DATED: February 13, 2007.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: B. Weidner, Esq.
M. Parise, Esq.
P. Gingras, Adv. Case Mgr.  - served 2/13/07 – pg.
2/13/07

---

[1] *Federal Deposit Ins. Corp. v. Cafritz*, 762 F.Supp. 1503 (D.D.C. 1991).

2